VAUGHN v. VAUGHN.

(Supreme Court, Appellate Division, First Department. December 24, 1903.)

1. DIVORCE—ALIMONY PENDENTE LITE—COUNSEL FEES.
   Where it appears that a married woman suing for a judicial separation from her husband is entitled to a trial on the merits, and is without means, and has three infant children requiring her care and attention, she is entitled to alimony pendente lite covering the cost of the children's maintenance and a reasonable attorney's fee.

Appeal from Special Term, New York County.

Mary L. Vaughn against John W. Vaughn. From an order denying a motion for alimony and counsel fees, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles L. Hoffman, for appellant.
Joseph J. Baker, for respondent.

PATTERSON, J. This is an appeal from an order denying the plaintiff's motion for alimony and counsel fee in an action for a judicial separation. The plaintiff seeks relief on the ground of cruel and inhuman treatment by her husband, which renders it unsafe for her to continue living with him. She sets forth in an affidavit that she has no money or means to maintain either herself or her children or to pay counsel. The motion was denied by the court below, as would appear from the opinion, on the ground that the plaintiff had not made out a clear case entitling her to relief.

On a perusal of the affidavits read on behalf of the plaintiff on the motion, sufficient appears in support of the charges to entitle her to a trial, and in the meantime, as she is without means, we think it is a proper case in which to allow her a moderate amount pending the

suit for the maintenance, at least, of the three children who are in her charge, and who, because of their infancy, require the care and attention of their mother. The defendant is a sergeant 'of police, in receipt of an annual income of $2,000. It is his duty to support his children, and we think an allowance of $10 a week should have been made to the plaintiff for that purpose. We are also of the opinion that a moderate counsel fee of $50 should be allowed, in order that the plaintiff may have her case presented to the court.

The order should be reversed, with $10 costs and disbursements, and the motion granted as above indicated, with $10 costs. All concur.